BARFIELD, Judge.
The state appeals orders dismissing petitions for delinquency. We reverse and remand for further proceedings.
In D.P. v. State, 597 So.2d 952 (Fla. 1st DCA1992), this Court declared the juvenile escape statute, section 39.061, Florida Statutes (Supp.1990), to be unconstitutional. The Court ruled that section 39.061 and section 39.01(61), Florida Statutes (Supp. 1990), defining the term “restrictiveness level,” constituted an unlawful delegation of legislative authority to the Department of Health and Rehabilitative Services (HRS) because the provisions allowed HRS to criminalize escape from residential commitment facilities classified as restrictiveness level VI or higher without providing standards or guidelines to assist the agency in determining the type of facilities to be designated restrictiveness level VI or higher.
The legislature amended the juvenile escape statute to define the type of residential facilities from which an escape is to be criminalized. Ch. 92-287, Laws of Florida. Section 39.061, Florida Statutes (Supp. 1992), provides:
An escape from any secure detention facility maintained for the temporary care of children, pending adjudication, disposition, or placement or an escape from any moderate or high risk residential commitment facility defined in s. 39.01(61)(c) and (d), maintained for the custody, treatment, or rehabilitation of children found to have committed delinquent acts or violations of law constitutes escape within *1128 the intent and meaning of s. 944.40 and is a felony in the third degree.
This amended version of section 39.061 became effective on October 1, 1992.
The state filed two petitions which alleged that appellee is a delinquent child in that on or about October 7, 1992, and on or about October 29, 1992, she unlawfully escaped from RAFT Center while under the lawful custody of the authorized officers of HRS, contrary to sections 944.40 and 39.-061, Florida Statutes (Supp.1992). Appel-lee filed motions to dismiss the petitions, arguing that the RAFT Center does not meet any of the definitional requirements of section 39.01(61)(c) and (d).
Section 39.01(61) sets forth four restrictiveness levels, three of which are residential: low risk residential, moderate risk residential and high risk residential. At a hearing before the trial judge on the motions to dismiss, the parties focused on whether RAFT Center met the statutory definition of a moderate risk residential restrictiveness level program as set forth in section 39i01(61)(c):
Youth assessed and classified for placement in programs in this restrictiveness level represent a moderate risk to public safety. Programs are designed for children who require close supervision but do not need placement in facilities that are staff or physically secure. Programs in the moderate risk residential restrictiveness level provide 24-hour awake supervision, custody, care, and treatment. Programs or program models in this restrictiveness level include: Halfway houses, START Centers, the Dade Intensive Control Program, and moderate term wilderness programs designed exclusively for committed delinquent youth. Section 39.061 applies to children in moderate risk residential programs.
The state conceded that the RAFT Center was not a halfway house, START Center or moderate term wilderness program. The state argued that the programs or program models set forth in this subsection do not constitute an exclusive list, however, and that RAFT Center met the definition of a moderate risk residential program. The trial judge agreed with appellee that the programs or program models set forth were an exclusive list of the programs that qualified for the moderate risk residential restrictiveness level and dismissed the petitions. We disagree.
As noted by the state, section 39.-01(61)(c) first defines a moderate risk residential commitment facility by reference to the needs of the children placed therein as well as the type of care and custody offered by such a facility. After describing the characteristics of a moderate risk facility, there is a list of certain programs or program models falling within the moderate risk category. This format is also used to define the low risk residential and high risk residential restrictiveness levels. See sections 39.01(61)(b) and (d), Fla.Stat. (Supp.1992). If the legislature had intended to criminalize escapes only from halfway houses, START Centers, moderate term wilderness programs, and the specific programs contained within the definition of a high risk residential facility, the legislature could have dispensed with the definitional language.
Section 39.0215, Florida Statutes (Supp. 1992), provides further indication that the legislature did not intend the programs or program models set forth in section 39.-01(61)(c) to be an exclusive list. Section 39.0215, created by Chapter 92-287, Laws of Florida, authorizes counties and municipalities to develop delinquency programs, including residential and nonresidential programs. Section 39.0215 does not limit the counties or municipalities to the programs or program models set forth in section 39.01(61)(b)-(d), and there is no limitation on restrictiveness level. Under the interpretation urged by appellee, RAFT Center or any residential facility developed by a county or municipality that was not one of the specifically enumerated residential programs or program models would not fall within any of the four restrictiveness levels provided. Such a construction appears contrary to the legislative intent.
Section 39.0215(9)(e) provides that a child may be placed in a county or municipal *1129 government juvenile detention facility only when the department’s regional juvenile detention facility is filled to capacity, the safety of the child dictates, or a court otherwise orders. Section 39.054, setting forth the court’s powers of disposition, provides that the court shall have the power, by an order stating the facts upon which a determination of a sanction and rehabilitative program was made, to place the child in a community control program, whether in the child’s own home, in the home of a relative of the child, or in some other suitable place under such reasonable conditions as the court may direct. Section 39.-054(l)(a)l., Florida Statutes (Supp.1992), provides that a “restrictiveness level classification scale for levels of supervision shall be provided by the department, taking into account the child’s needs and risks relative to community control supervision requirements to reasonably ensure the public safety.” The construction urged by appellee would result in situations where although the legislature authorized residential programs to be developed by counties and municipalities and authorized courts to place delinquent youth in such programs, such placement would be prohibited by the inability to determine the restrictiveness level classification for such programs.
We conclude that any youth representing a moderate risk to public safety who escapes from a program maintained for the custody, treatment, or rehabilitation of children found to have committed delinquent acts or violations of law, which is designed for children who require close supervision but do not need placement in facilities that are staff or physically secure, and which provides 24-hour awake supervision, custody, care, and treatment, may be charged with escape from a moderate risk residential commitment facility in violation of section 39.061, Florida Statutes (Supp.1992). The orders on appeal are REVERSED. We REMAND for further proceedings consistent with this opinion.
BOOTH and KAHN, JJ., concur.